GARRISON, Judge.
This is an appeal from a judgment of the district court granted in favor of Ernest Thibodeaux individually and on behalf of his minor son, Ernest C. Thibodeaux, Jr., and against Schwegmann Brothers Giant Supermarket, Inc., and the Louisiana Coca-Cola Bottling Company, in the amount of $1,935.25, for damages sustained when the minor was injured in the Schwegmann store on September 27, 1976. From that judgment, which we affirm, Schwegmann appealed.
On September 27, 1976, Ernest C. Thibo-deaux, Jr. accompanied his mother on a shopping trip to Schwegmann Bros. Super Market. Ernest was walking with the aid of crutches because he had a developmental orthopedic disease. He was proceeding down an aisle when his crutches became entangled in black steel packing tape, causing him to fall, re-injuring his left leg and injuring his right elbow. The packing tape was placed on the floor by a Coca-Cola Company employee who was unpacking crates of soft drinks in the aisle.
Schwegmann Bros, and Coca-Cola agreed that, should they be found liable, they would contribute equal amounts.
On appeal, Schwegmann contends that the trial court erred in failing to find the minor contributorily negligent and that the trial judge abused his discretion in awarding damages.
At trial, Ernest, Jr. testified that he proceeded approximately twelve feet down the aisle prior to the fall, that he had seen the Coca-Cola employee unpacking the merchandise, that his vision was not obstructed as he proceeded and that he was paying attention to where he was walking. The trial judge believed the testimony of Ernest, Jr. saying “I believe he saw what he should have seen and exercised due diligence within the meaning of our Law.” The trial judge apparently concluded that the steel tape was placed in Ernest’s path moments before the accident. We cannot conclude that the trial judge was manifestly erroneous in his factual determinations. Arceneaux v. Domingue, 365 So.2d 1330 (1978).
*969 Turning to the question of damages, we cannot conclude that the trial judge abused his discretion. Reck v. Stevens, 373 So.2d 498 (1979). Ernest, Jr. was required to wear a sling for the injury to his arm. Additionally, the cast, which had been removed from his left foot a few days prior to the accident, was replaced by first a soft and then a hard cast. Ernest was ten years old at the time of the accident. Special damages totaled $135.25. We do not find the award of the trial judge to be a clear abuse of discretion.
For the reasons discussed, the judgment of the district court is affirmed.

AFFIRMED.